IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JAMES GREGORY STONE, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV206-062 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR205-13) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant James Gregory Stone ("Stone"), an inmate currently incarcerated at the Williamsburg Federal Correctional Institution in Salters, South Carolina, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss, and Stone filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Stone was sentenced to 16 months' imprisonment and three (3) years' supervised release in this Court after he pleaded guilty to escape from the custody of the United States Attorney General, in violation of 18 U.S.C. § 751(a). The sentence Stone received in this Court is to be served consecutively to the sentence he was serving at the time he escaped custody.

In the instant motion, Stone asserts that his Pre-Sentence Investigation Report ("PSI") should be corrected to reflect that this Court did not adopt certain enhancements

the United States Probation Office recommended he receive. Stone alleges that the Bureau of Prisons ("BOP") has used these unadopted enhancements to increase his security level. Stone also alleges that his Fifth, Eighth, and Fourteenth Amendment rights were violated because the BOP did not provide his attorney with copies of his medical records. Stone asks that this Court resentence him to a concurrent sentence so that he can participate in the BOP's residential drug treatment program or to allow him to serve his sentence on home confinement or supervised release. (Doc. No. 1, p. 14.)

Respondent avers that Stone entered into a negotiated plea, and, as a result, he waived many of his appeal rights and his right to collaterally attack the sentence imposed by the Court or the voluntariness, providence, or factual basis of his guilty plea. Respondent contends that Stone has an increased security level due to his escape from the Federal Correctional Institution in Jesup, Georgia. Respondent also contends that Stone's claims dealing with the execution of his sentence are not proper claims in a section 2255 motion.

## DISCUSSION AND CITATION TO AUTHORITY

Respondent asserts that the Rule 11 transcript reveals that Stone was specifically questioned about the plea and collateral attack waiver provision contained in his plea agreement and that Stone understood the waiver. Respondent avers that several of Stone's contentions in the instant motion are covered by his waiver, which should be enforced.

Stone contends that he did not enter into his plea knowingly and intelligently because he was not informed that he would be "punished" a second time and have good time credit taken away from him. (Doc. No. 4, p. 3.) Stone also contends that the

2

Government cannot use his plea because it was obtained by this omission and is violative of his right to due process. Stone further contends that his claims are not barred by the waiver contained in his plea agreement. Stone seeks to have his guilty plea withdrawn. Stone asserts that he was exercising his "unabridgable fundamental right in running away" from the camp at FCI Jesup because he was not receiving medical care. (Doc. No. 4, p. 6.)

"[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the plea colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005). In addition, a valid waiver precludes a defendant's ability to collaterally attack his sentence pursuant to § 2255. Id. at 1342; see also Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (Barkett, J., concurring) (noting that the right to collaterally attack a sentence must be waived expressly and knowingly).

The plea agreement Stone entered into with the Government provides, in relevant part:

> Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, the defendant as a part of this agreement and in consideration for the government's promises hereunder, expressly waives any and all rights conferred by that statute to appeal any sentence imposed that is within the statutory maximums . . .
>
> The defendant, as a part of this agreement and in consideration for the government's promises hereunder, also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

3

> Notwithstanding these waivers, the defendant reserves the right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence, or factual basis of the defendant's entry of a guilty plea pursuant to this agreement), in the event the sentencing Court upwardly departs from the guideline range it finds as a matter of fact and law to be applicable to the defendant and the offense, whether that upward departure is made pursuant to U.S.S.G. § 4A1.3 (from criminal history) or U.S.S.G. § 5K2.0 (from offense level). The defendant understands and agrees that all other aspects of these waivers of appeal and collateral attack rights, and all guideline findings of fact and law by the sentencing Court, would remain in full force and effect notwithstanding the defendant's appeal of an upward departure.

(CR205-13, Doc. No. 16, p. 3.)

During the Rule 11 proceeding, the Honorable Anthony A. Alaimo asked Stone if he read and discussed the plea agreement with his lawyer, and Stone said that he had. (CR205-13, Doc. No. 21, p. 11.) Stone also stated that he did not have any questions regarding the plea agreement. Judge Alaimo reminded Stone of the agreement between him and the Government. Judge Alaimo continued and had the following colloquy with Stone:

> THE COURT: You also, under the law, are entitled to appeal any sentence that I impose on you, but you can give that right up. In other words, you can waive that right. As I understand it, under this Plea Agreement, you are waiving your right to appeal from any sentence I may impose on you.
>
> [STONE]: Yes, sir.
>
> THE COURT: Is that your express choice?
>
> [STONE]: Yes, sir.
>
> THE COURT: And you also waive any and all rights to collateral post-conviction attack of the sentence imposed or the voluntariness, providence, or factual basis of the guilty plea entered pursuant to this agreement.

4

|  |  |
|---|---|
| [STONE]: | Yes, sir. |
| THE COURT: | But you are not giving up your right to a direct appeal of the sentence if I should upwardly depart from the suggested guidelines. |

(CR205-13, Doc. No. 21, pp. 12-13.)

The United States Probation Office prepared a PSI in which it was recommended that Stone's base offense level of thirteen (13) for his escape have two (2) levels added to it for an adjustment for obstruction of justice. (PSI, p. 5.) According to the PSI, Stone attempted to escape from the McIntosh County Detention Center in Darien, Georgia, while he was housed there awaiting sentencing in this Court. (PSI, ¶¶ 7-8.) The Probation Office recommended that Stone's base offense level be fifteen (15) with a Criminal History Category of III. Based on this recommendation and according to the applicable Guidelines, Stone faced a sentence of 24 to 30 months' imprisonment to be followed by two to three years' supervised release.

At Stone's sentencing hearing, Judge Alaimo asked Stone if he read the PSI and discussed it with his attorney. Stone stated that he did. Stone also stated that he had no objections to the factual statements contained in the PSI but objected to the Probation Office's application of the Sentencing Guidelines. Specifically, Stone objected to the Probation Office's recommendation that his offense level be enhanced by two (2) levels based on the allegation that Stone attempted to escape from the McIntosh County facility while awaiting sentencing in this Court. Judge Alaimo had an inaudible conversation during the hearing, and after this conversation, Judge Alaimo found that Stone's total offense level was 11 (which the undersigned presumes represents the base level offense of 13 reduced by two (2) levels for acceptance of responsibility). Based on the applicable

Sentencing Guidelines, Judge Alaimo stated that Stone faced 12 to 18 months' imprisonment and two to three years' supervised release. Finding no reason to depart from the Guidelines, Judge Alaimo sentenced Stone to 16 months' imprisonment to be followed by three years' supervised release, and this sentence is to run consecutively to the term of imprisonment Stone was serving at the time of his escape. Judge Alaimo then reminded Stone that, pursuant to his plea agreement, he waived the right to appeal his sentence and to collaterally attack his sentence.

Judge Alaimo specifically questioned Stone during the Rule 11 hearing about the waiver portions of the plea agreement Stone and the Government signed. Based on the record, Stone understood the significance of the waiver and that he could only appeal his sentence if Judge Alaimo upwardly departed from the Sentencing Guidelines or if the sentence exceeded the statutory maximum. Stone pleaded guilty to escaping the custody of the Attorney General, in violation of 18 U.S.C. § 751(a), and the maximum penalty for that violation was five years' imprisonment and no more than three years' supervised release. The United States Sentencing Guidelines ("U.S.S.G.") range Stone faced was 18 to 24 months' imprisonment based on an offense level of 13 with a Criminal History Category of III, as Stone's confinement was by virtue of his conviction in the Middle District of Florida. U.S.S.G. § 2P1.1(a)(1); Sentencing Table (2004 version). However, Judge Alaimo determined that Stone's offense level was 11, and with a Criminal History Category of III, his sentencing range was 12-18 months' imprisonment. Sentencing Table (2004 version). Judge Alaimo sentenced Stone to 16 months' imprisonment, which was within the applicable sentencing range and well below the statutory maximum, to be served

consecutively[1] to the sentence he was serving when he escaped. As Judge Alaimo did not upwardly depart from the Guidelines, Stone waived all rights to directly attack his sentence. Stone also waived any right he may have had to collaterally attack the voluntariness of his guilty plea.

Stone's assertions that the BOP is wrongfully using the recommended enhancements contained in his PSI to enhance his security and that his good conduct time was erroneously taken away are not cognizable in a section 2255 motion. These are assertions attacking the execution of his sentence, not the legality of his sentence. See Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) (noting that a motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence– for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release– may not be brought under § 2255 and therefore falls into the domain of § 2241). In addition, to the extent that Stone asserts that he has been denied medical treatment while in the custody of the BOP, this assertion is not cognizable in a section 2255 motion. See generally, Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 126 L. Ed. 2d 811 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995) (stating that claims in which

---

[1] To the extent that Stone seeks to be resentenced to a concurrent term of imprisonment, he is not entitled to this request. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. However, the district court must consider" certain factors "in determining whether a consecutive sentence is appropriate." United States v. Bradford, 277 F.3d 1311, 1316 (11th Cir. 2002)(internal punctuation and citations omitted). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant, the Sentencing Guidelines, and any pertinent policy statements issued by the Sentencing Commission." Id. at 1316-17. Notwithstanding the fact that Stone waived any right to directly or collaterally attack his sentence, there is no indication that Judge Alaimo did not consider these factors in imposing a consecutive sentence on Stone. Nor has Stone presented the Court with any evidence that Judge Alaimo failed to consider these factors.

AO 72A
(Rev. 8/82)

prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied adequate medical care during the period of incarceration, are civil rights actions, not habeas actions).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 3) be **GRANTED** and that Stone's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 22 day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

8